UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND CASUALTY )
COMPANY, )
 )
        **Plaintiff**, )
 )
v. ) Case No. 12-CV-0148-CVE-PJC
 )
JEFFREY LEE WADE, NANCY WADE, )
M.D., individually and as parent and )
guardian of B.M., a minor, and A.D., )
individually and as parent and guardian of )
B.M., a minor, )
 )
        **Defendants**. )

## OPINION AND ORDER

Now before the Court are Defendant M.D., A.D. and B.M. Motion to Dismiss and Brief in Support (Dkt. # 11), defendants M.D.'s and A.D.'s Motion for Stay (Dkt. # 13), and Defendant Jeffrey Lee Wade's[1] Application to Stay Ruling on Pending Motions (Dkt. # 14). Plaintiff State Farm Fire and Casualty Company (State Farm) filed this declaratory judgment action seeking a declaration that the insurance policy issued by plaintiff to defendants Jeffrey Lee Wade and Nancy Wade does not provide coverage for any claims made against the insureds by M.D. and A.D., as parents of B.M. Defendants M.D. and A.D. seek to dismiss the complaint for failure to state a claim. In the alternative, M.D., A.D., and Jeffrey Wade seek to stay this action pending the outcome of the underlying litigation.

---

[1] The complaint names "Jeffery Lee Wade" as a defendant. However, in his motion, Mr. Wade spells his first name "Jeffrey." Dkt. # 14. Thus, the caption has been amended to conform to what appears to be the correcting spelling of Mr. Wade's name.

**I.**

Plaintiff issued a homeowners insurance policy to Jeffrey and Nancy Wade. The policy provides personal liability coverage for claims of bodily injury brought against the insureds where the bodily injury is caused by an occurrence. The policy also provides that plaintiff has a duty to defend the insureds against such claims. The terms "bodily injury" and "occurrence" are defined in the policy and are subject to certain exclusions.

M.D. and A.D. allege that Jeffrey Wade sexually assaulted their daughter B.M., a minor. On June 8, 2011, Jeffrey Wade pled guilty to criminal charges arising from these allegations. M.D. and A.D. have filed a civil suit against Jeffrey Wade in the Northern District of Oklahoma (the underlying litigation). Jeffrey Wade and/or Nancy Wade made demand on plaintiff to defend and indemnify him/them in the underlying litigation, and plaintiff is providing representation to Jeffrey Wade in that action pursuant to a reservation of rights. Plaintiff now seeks a declaration that it is not contractually obligated to defend Jeffrey Wade in the underlying lawsuit and that it is not contractually obligated to indemnify Jeffrey Wade for any monetary judgment received against him by M.D. and A.D.

**II.**

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

**III.**

Defendants M.D. and A.D. argue that the complaint should be dismissed because it fails to allege an actual case or controversy that is ripe for review. In their motion to stay, M.D. and A.D. argue that this action is duplicative of the underlying litigation because "[r]esolution of the first lawsuit would necessarily bar the present lawsuit." Dkt. # 13 at 2. Jeffrey Wade similarly argues, in a one-page motion filed pro se, that this action should be stayed pending the outcome of the underlying action.

Defendants arguments are without merit. Declaratory judgment actions seeking determination of insurance coverage issues are routinely allowed to proceed even while the underlying litigation regarding liability is ongoing. See, e.g., State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 (10th Cir. 1994) ("we see no reason why the declaratory judgment action should not have proceeded" while the underlying action was ongoing); Hartford Fire Ins. Co. v. Gandy Dancer, LLC, No. CIV-10-0137 JB/RHS, 2011 WL 1336523, at *10 (D.N.M. Mar. 30, 2011) (declining to stay action regarding insurance coverage despite ongoing state action regarding liability); Zurich Specialties London Ltd. v. Lawrence, No. 06-CV-0593-CVE-FHM, 2007 WL 489229, at *5 (N.D. Okla. Feb. 8, 2007) (same).

As to defendants' argument that there is no justiciable controversy, the Tenth Circuit has specifically held that, where an insurance company seeks a declaration regarding its duty to defend or indemnify related to an ongoing liability action, a "live need for a declaration" of the insurance company's rights "did, in fact, exist." State Farm Fire & Casualty Co., 31 F.3d at 983-84. State Farm has an immediate need for a determination of whether it may be liable under the policy because it continues to incur expenses in the underlying litigation. Jeffrey Wade, on the other hand, has a substantial interest in determining whether the policy provides coverage because he has an interest in State Farm's provision of counsel in the underlying case. M.D. and A.D. have an interest in whether there is coverage because it will assist them in evaluating what they may be able to recover in the underlying litigation. "There is a substantial interest in deciding these issues without undue delay, particularly the question of the duty to defend." Id. at 984. In fact, "a declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act." W. Cas. & Sur. Co. v. Teel, 391 F.2d 764, 766 (10th Cir. 1968).

Defendants' argument that the complaint should be dismissed for failure to plead a justiciable controversy is without merit.

Defendants also argue that this action is barred by claim preclusion or the policy against claims-splitting because "[r]esolution of the first lawsuit would necessarily bar the present lawsuit." Dkt. # 13 at 2. The underlying lawsuit seeks to determine whether Jeffrey Wade is liable to M.D. and A.D. for the torts alleged in that action. This action seeks to determine whether any injury caused by Jeffrey Wade's alleged actions would be covered under the terms of the homeowner policy. In particular, the issues to be decided in this action include whether the alleged injuries qualify as a "bodily injury" under the terms of the policy, whether such bodily injury was caused by an "occurrence" within the meaning of the policy, and whether the bodily injury is subject to the exclusions listed in the policy. These are fundamentally issues of law concerning the meaning of the terms of the policy. Such issues are not determined by the underlying lawsuit, which seeks only to determine Jeffrey Wade's liability pursuant to Oklahoma tort law. The meaning of policy terms and the requirements of proving tort liability "are not parallel and involve completely different legal issues." Zurich Specialties London Ltd., 2007 WL 489229, at *5. Furthermore, resolution of the underlying lawsuit would not bar the present lawsuit because a judgment against Jeffrey Wade in the underlying lawsuit "is not inconsistent with the conclusion that . . . the insurers are not required to indemnify him for it." Cont'l Cas. Co. v. Hempel, 4 F. App'x 703, 721 (10th Cir. 2001);[2] see also Greene v. Circle Ins. Co., 557 P.2d 422, 424 (Okla. 1976) (overturned by statute on other grounds)(insurance company could raise coverage defenses in subsequent proceeding, but could not raise liability defenses); Henderson v. Eaves, 516 P.2d 270, 273 (Okla. 1973) (same).

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Finally, defendants' argument that it is "inappropriate" to join M.D. and A.D. in this lawsuit because they are not privy to the insurance policy is without merit. Oklahoma courts permit an injured party, having obtained a judgment against an insured who then fails to satisfy that judgment, to bring a garnishment proceeding against the insured's insurance company under OKLA. STAT. tit, 23, § 1171. See Farmers Ins. Co. v. Daniel, No. CIV-07-1421-C, 2008 WL 4372879, *2 (W.D. Okla. Sept. 19, 2008). Thus, Oklahoma courts allow joinder of potentially injured parties, such as M.D. and A.D., by insurers seeking declaratory relief. "If they were not joined they would not be bound by a favorable judgment of noncoverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations." Knight v. Miller, 195 P.3d 372, 376 (Okla. 2008).

**IT IS THEREFORE ORDERED** that Defendant M.D., A.D. and B.M. Motion to Dismiss and Brief in Support (Dkt. # 11), defendants M.D.'s and A.D.'s Motion for Stay (Dkt. # 13), and Defendant Jeffrey Lee Wade's Application to Stay Ruling on Pending Motions (Dkt. # 14) are **denied**.

**DATED** this 28th day of June, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE